RUSSELL and others *against* STOCKING and others.

Reputation, in connexion with proof of acts of ownership, is admissible to establish a private right in derogation of a public right.

Where two or more persons are jointly entitled, or have sustained a joint damage, they must join in the suit.

Possession, even of incorporeal property, is a sufficient title against a wrong-doer.

Therefore, where an action for a disturbance in the enjoyment of a fishery, was brought by several persons, some of whom had an absolute title to the fishery, and the others were in possession under a parol agreement; it was held, that the plaintiffs had properly joined in the suit.

*Qu.* Whether trespass will lie for the infringement of a private right of taking fish in a navigable river.

A new trial will not be advised, by the supreme court of errors, on an objection to the form of action, where no such objection was made at the trial in the court below.

*Middlesex,*
*July, 1830.*

Russell
*v.*
Stocking.

THIS was an action of trespass, for entering upon the fishing-place of the plaintiffs, in *Connecticut* river, opposite the town of *Chatham,* in which the plaintiffs had an exclusive right of taking fish, and in interrupting the plaintiffs in the enjoyment of their right, and taking and carrying away therefrom 5000 shad.

The cause was tried at *Middletown, August* term 1829, before *Bissell,* J.

The fishery in question, called *The Russell Fishery,* is situated in a part of *Connecticut* river, which is navigable by vessels of large burthen, and where the tide ebbs and flows. The plaintiffs proved, that the defendants had, at sundry times between the 1st of *April* 1827 and the commencement of the suit, entered upon and fished in this fishery; but no claim was made, nor any evidence offered to shew, that the defendants, or either of them, had entered upon any land owned or possessed by the plaintiffs, or either of them, above low-water mark, or within the distance of twenty rods therefrom.

The plaintiffs claimed, that at the time of the alleged trespasses, they had the exclusive right of taking fish at the place in question; which the defendants denied, claiming that the right was public and common to all the citizens of the state. The plaintiffs, more particularly, claimed, that before the year 1794, another fishery in the river, called *The Blake Fishery,* adjoining to and immediately *North* of the *Russell Fishery,* was occupied as such, by three of the plaintiffs, *viz. Elisha Covell, Reuben Wilcox* and *Samuel Wilcox* jun., or by those under whom they claim title; that in the year 1794, or immediately before, the owners of these fisheries mutually agreed to unite, and occupy them jointly, which they accordingly did, un-

*Middlesex,*
July, 1830.

Russell
*v.*
Stocking.

til the 18th of *June* 1828, after the acts complained of were done ; that all the plaintiffs were, at that time, in pursuance of said agreement, in the actual occupancy of the *Russell Fishery ;* and that the plaintiffs, *Wells Diggins* and *Timothy Russell,* were then not only occupiers, but owners, in that fishery ; it being admitted, that the three first named plaintiffs had no other title to the *Russell* fishery, than that derived as aforesaid.    The title of *Diggins* and *T. Russell* was claimed, 1st, by prescription ; and 2ndly, by the presumption of a grant from the legislature of this state, arising from the exclusive and uninterupted enjoyment thereof, by them and those under whom they claim, for a period of more than fifteen years.    No express grant from the legislature was shewn to establish such title.

In support of their claim, the plaintiffs introduced sundry witnesses, who testified, that they had been acquainted with the *Russell* fishery, for a period of nearly sixty years ; and that from their earliest recollection, it had been occupied, by different individuals at different periods, as a private and several fishery.    The plaintiffs also offered the same witnesses to prove, that from their earliest recollection, during a period of more than sixty years, the *Russell* fishery had been *reputed* a private fishery.    To the admission of this evidence the defendants objected.    The court overruled such objection, and admitted the evidence.

The defendants insisted, that upon the facts claimed and admitted by the plaintiffs, and testified to by their witnesses, if *Diggins* and *T. Russell* had a legal title and an exclusive right, the other plaintiffs could not be joined with them in this suit ; and requested the court so to instruct the jury.

The defendants further claimed, and requested the court to charge the jury, that no exclusive use, enjoyment or occupancy of the *Russell* fishery, by *Diggins* and *T. Russell*, and those under whom they claimed, for a period of fifteen years, or any other period of time short of that which is necessary to establish a prescription, would raise any presumption of a grant from the legislature of an exclusive right of fishing in that fishery ; and that in order to establish a prescriptive title in them, they and those under whom they claim must have occupied the fishery, exclusively and uninteruptedly, for a time whereof the memory of man runneth not to the contrary.

The court charged the jury, that they ought not to presume

a grant from the legislature of this state, from the exclusive and uninterupted enjoyment and use of the fishing-place, by the plaintiffs, or any of them, and those under whom they claim, for a period of more than fifteen years ; but that the plaintiffs were bound to make out a title by prescription, and to prove, that they and those under whom they claim, have had the exclusive and uninterupted enjoyment and use of the fishing-place for a time whereof the memory of man runneth not to the contrary :   That the right of taking fish in a navigable river being common to all, the occupancy of the fishing-place in question, by any one or more of the several occupants, did not of itself furnish any presumtion, that he or they held or claimed under any preceding occupant or occupants ; but the plaintiffs were bound to prove such fact.   The court further instructed the jury, that the plaintiffs were bound to show a right of recovery in all, who were joined in the suit ; but in order to do this, it was not necessary for them to show, that all the plaintiffs had acquired the title and ownership of the fishing-place ; but if any one of the plaintiffs had acquired the title, and the others were jointly in possession with such owner or owners, and claiming under them, so that all were in possession, and had the exclusive right to possess, they might all join in the action ; and if such right had been violated, by the defendants, the plaintiffs were entitled to recover.

The jury returned a verdict for the plaintiffs ; and the defendants moved for a new trial.

*Stanley* and *Hungerford*, in support of the motion, contended, 1. That evidence that the *Russell* fishery was reputed to be a private fishery sixty years since, did not conduce to prove a prescriptive title in the plaintiffs, and was not admissible.

2. That if *Diggins* and *T. Russell*, or either of them, had acquired a title, the other plaintiffs could not be joined.   It is to be considered, in the first place, that until a complete title is acquired, by an immemorial and exclusive possession, the fishery continues common to all.   Secondly, when one has acquired this right, all others are excluded.   Thirdly, the injuries complained of, and found by the verdict, are taking fish and preventing the plaintiffs from taking them ; but those of the plaintiffs, who were not owners, had no interest in the fish not taken by themselves, and of course cannot be the subjects of the injury complained of.   Fourthly, the agreement stated in

*Middlesex,*
July, 1830.

Russell
*v.*
Stocking.

the motion transferred no interest to those plaintiffs, who were not, at that time, owners.    As a *licence*, it would, indeed, protect them against any claim of the owners.    But it would not give a right of action otherwise than as incidental to a right of property or possession.    And a parol agreement conveys no right of property, the violation of which can entitle them jointly with the owners to an action of trespass as incidental to such right.    The Duke of *Somerset* v. *Fogwell*, 5 *Barn. & Cres.* 875.    (12 *Serg. & Lowb.* 395.)    No possession, as distinct from the ownership, could be conveyed, because the possession of the owners is incidental to the ownership, and not only constructive but contingent.

3.  That trespass will not lie for an injury affecting incorporeal property.    1 *Chitt. Plead.* 144, 5.  175. & seq.

*Sherman,* contra, contended, 1.  That reputation is admissible evidence to establish a private right in derogation of a public right.    3 *Stark. Ev.* 1208, 9, 10.    *Weeks* v. *Sparke*, 1 *Mau. & Selw.* 689.

2.  That where two or more persons have jointly suffered a wrong in relation to real estate, the plaintiffs may join.    1 *Chitt. Plead.* 51. 54.    The distinction is between having and not having, possession ; and not between corporeal and incorporeal property.

3.  That trespass will lie for an injury to an incorporeal hereditament, of which the plaintiff is in possession.    But if otherwise, this is no ground for a new trial, as the exception was not taken in the court below.

WILLIAMS, J.  Upon this record three questions are presented.  1. Whether evidence of reputation, that this was a private fishery, called *The Russell Fishery*, should have been admitted.  2. Whether all the plaintiffs have such an interest as to entitle them to maintain this suit.  3. Whether trespass was the proper action.

As to the first :  Was evidence of reputation admissible ?  In what cases and to what extent such evidence is admissible, has been a matter of considerable dispute.    Here the plaintiffs claim title by prescription, and attempt to prove, that they, and those under whom they claim, have occupied to a remote period of time, and propose to accompany that testimony with evidence, that this fishery was reputed a private fishery.    The

*Middlesex,*
July, 1830.

Russell
*v.*
Stocking.

latter evidence, if it stood alone, would not deserve much attention; but when connected with other testimony, it may be important; and its admission is supported by authority. A foundation being laid, by acts of ownership, reputation becomes admissible; particularly, where the claim tends to abridge a *public* right. "For all mankind," says Lord *Kenyon*, "being interested, it is natural to suppose, that they would be conversant with the subject, and discourse about it, having all the same means of information." *Morewood* v. *Wood*, 14 *East*, 329. *in notis. Weeks* v. *Sparke*, 1 *Mau.* & *Selw.* 689. *Bul. N. P.* 295. And in *Read* v. *Jackson*, 1 *East*, 357. it is said, that reputation is evidence with respect to *public* rights claimed, but not with respect to private rights. Now, the right claimed by the plaintiff, is a right to a fishery in a navigable river, the right to which is *prima facie* in the public. This case seems, therefore, to be within the principle, which is established beyond controversy, *viz.* that reputation is admissible where the claim tends to abridge a public right.

2. Can these plaintiffs join in this suit? Some of the plaintiffs claim an absolute right in the fishery; others claim only in consequence of a parol agreement between the owners of the *Russell* and *Blake* fisheries to join their interest or stock (as it is termed,) in the two fisheries. The defendants say, that as this agreement rests in parol, it creates no title; for that a right to an incorporeal hereditament lying in grant, it must be by deed. *Somerset* v. *Fogwell*, 5 *Barn.* & *Cres.* 875.

This principle is not denied. Such also is the case as to lands. Title must pass by deed; and yet possession will be sufficient to maintain an action of trespass. 1 *Chit. Plead.* 52.

It is said, that this does not apply to incorporeal hereditaments. The rule, however, is general, that in personal actions possession is sufficient to found an action against a wrong-doer. 1 *Tidd's Pract.* 396. Thus, in actions for disturbance of rights of common against a wrong-doer, it has been held sufficient to declare upon the plaintiff's possession; though it is otherwise where a charge is laid upon the land. Still, as a general rule, the plaintiff, on the trial, must prove his right. *St. John* v. *Moody*, 1 *Vent.* 274. *Stroud* v. *Birt*, Com. Rep. 7. *Fitz. N. B.* 91. *Dent.* v. *Oliver*, *Cro. Jac.* 43. 122. *Saunders* v. *Williams*, 1 *Vent.* 319. *Warren* v. *Sainthill*, 2 *Vent.* 186. And for disturbance in a church, says Ch. J. *Lee*, the plaintiff may recover upon his possession; for, says he, it is a rule of law, that

*Middlesex,* one in possession need not shew any title or consideration for such possession against a wrong-doer. *Kenrick* v. *Taylor,* 1 *Wils.* 326. In *Stocks* v. *Booth,* 1 *Term Rep.* 428. 430. the doctrine is somewhat qualified ; and *Ashhurst,* J. says, that " a bare possession can never give a right, because every parishioner has a right to go into the church ;" and holding possession to give a sufficient title " would be an encouragement to commit disorders in the church." Taking the principle of Ch. J. *Lee,* with the qualification of *Ashhurst,* J., it seems to me, that the plaintiffs in this case may recover. There the doubt as to the effect of possession, is founded on the idea, that every parishioner has a right to go into the church ; and to support a suit founded on possession alone, would encourage disorders in the church. But, in this case, some of the plaintiffs having established a legal title to the fishery, it is apparent, that the defendants can have no more apology for disturbing the enjoyment, on the ground that it is public right, than they could for entering on land owned by some of the plaintiffs, and taken on shares by others of them, upon the ground that it was once common property. And I see no more reason why the rights of the plaintiffs, who have the legal title, are not to be regarded in the same manner as if their possession was of land instead of an incorporeal hereditament. And whether the property is corporeal or incorporeal, if it is capable of possession, such possession is a sufficient title against a wrong-doer. And when two or more persons are jointly entitled, or have a joint legal interest, or if there be a joint damage, they must join in the suit. *Chitt. Plead.* 51. 54.

No sufficient objection to the suit, therefore, exists on this ground.

3. It is also claimed, that this action will not lie. It is admitted, that no such question was raised in the court below ; and it would be perverting all the beneficial principles regulating new trials, to allow the defendants to proceed to trial of the facts in the case, and put the plaintiffs to all the expense incident to a trial on the merits, and if they succeeded, deprive them of all the expected benefits, upon some technical objection to the form of the action. Such a practice cannot receive the sanction of this Court. Whatever consideration, therefore, this objection would have been entitled to, in an earlier stage of this cause, it cannot now avail the defendants.

The result is, that there can be no new trial.

*July, 1830.*

Russell
*v.*
Stocking.

The other Judges were of the same opinion.

New trial not to be granted.