THE WEST SCHOOL DISTRICT IN THE SCHOOL SOCIETY
OF CANTON *against* MERRILLS:

West School
District of Can-
ton
*v.*
Merrills.

### IN ERROR.

In a vote of a school district laying a tax, it is not essential to its validity that the particular object for which it was laid, should be specified.

Therefore, where it appeared from the vote, that the tax was laid " for defraying the expenses of the district, as reported by our committee and approved by vote of the district;" it was held, that the tax was lawfully imposed.

| | |
|---|---|
| 12 | 437 |
| 60 | 234 |
| 12 | 437 |
| 63 | 195 |

THIS was an action of *indebitatus assumpsit,* brought originally, by *Isaac Merrills,* against *The West School District in the School Society of Canton,* before *Loin Humphreys,* Esq. a justice of the peace.

On the trial, the plaintiff claimed to recover from the defendants a sum of money, which he had paid, as a tax, laid upon the following vote: " At a meeting of the inhabitants of *The West School District,* legally warned and held, *December* 13th, 1832. *Voted,* that we will and do hereby raise a tax of five cents and five mills on the dollar; said tax to be made out on the assessment list of 1831, for defraying the expenses of the district, as reported by our committee, and approved of, by vote of the district." On this vote a tax of 8 dollars, 8 cents, was collected of the plaintiff, by warrant, and paid to the collector. The plaintiff offered evidence to prove, that the money raised by the tax had been misapplied, and to establish sundry other points, which it is not now necessary to specify. The defendants objected to the evidence offered; but the court admitted it, and found the issue in favour of the plaintiff, and rendered judgment accordingly. To obtain a reversal of this judgment, the defendants brought a writ of error in the superior court; which was reserved for the advice of this court.

*Hungerford* and *Chapman,* for the plaintiffs in error, contended, that the decisions of the justice were erroneous on all the points determined by him. They particularly insisted, that the vote of the district imposing the tax in·question, was passed in pursuance of power conferred by the statute; and that money paid for such taxes cannot be recovered back.

*Hartford,*
*June, 1838.*

West School
District of Can-
ton
*v.*
Merrills.

*Stat.* 399. *tit.* 84. *c.* 1. *s.* 7.    The powers of a town are limited just as much as those of a school district; but a town may, unquestionably, lay a tax *to defray necessary expenses.*

*W. W. Ellsworth,* for the defendant in error, contended, That the vote of *December* 13th, 1832, was illegal and void. In the first place, a school district has no power to lay a tax, except in the cases specified in the statute; of which this is not one.    Secondly, it does not, but must, appear on the face of the vote, that the tax laid comes within the power granted. *Hall* v. *Howd* & al. 10 *Conn. Rep.* 514. 520.    *Starr* v. *Scott,* 8 *Conn. Rep.* 480.    *Willard* v. *The Borough of Killingworth,* 8 *Conn. Rep.* 248. 252.    *Hayden* v. *Noyes,* 5 *Conn. Rep.* 351.    *Grumon* v. *Raymond,* 1 *Conn. Rep.* 40.

HUNTINGTON, J.    It is quite clear, that the judgment of the justice must be reversed, for some of the causes of error assigned; and a mere reference to them would be sufficient to justify us in the advice which we shall give to the superior court, that in this record there is manifest error.    One question, however, raised by the defendant, and on which alone he relies to sustain the judgment, has been argued before us, which is supposed to be of some practical importance, and which we are asked to decide, to prevent further litigation in this and other similar cases.    We have, therefore, deemed it proper to consider it, although we have doubts whether it is so presented, by the bill of exceptions, as to entitle the defendant to be heard upon it.    This question arises upon the vote of the district, passed *December* 13, 1832, in the following words : " *Voted,* that we will and do hereby raise a tax of five cents and five mills on the dollar ; said tax to be made out on the assessment list of 1831, for defraying the expenses of the district, as reported by our committee, and approved of, by vote of the district."

The defendant in error insists, that this vote is void on its face, inasmuch as the power of a school district to impose taxes upon its members, is limited to certain specific objects, (*Stat.* 399. *tit.* 84. *c.* 1. *s.* 7.) which must be stated in the vote, that it may appear to have been an exercise of the power granted. This objection assumes, that the vote must contain a specification of the precise object for which a tax may be lawfully im-

posed ; and if that does not appear, the vote is illegal.  We

*Hartford,*
June, 1838.

West School
District of Canton
*v.*
Merrills.

think this position cannot be maintained.   The great inconvenience which would result from its adoption, would of itself cause us to hesitate before we gave it our sanction.   But we are satisfied there is no such rule of law, which requires any formal technical statement of the object for which the money is to be raised.   All that can be required in respect to such statement, to render the vote, *prima facie*, legal, is, that it should appear from the vote, with reasonable certainty, that the tax is laid for a purpose authorized by law ; and we think this fact sufficiently appears on the face of this vote.   It states, that the tax was imposed " for defraying the expenses of the district, as reported by our committee, and approved of, by vote of the district."   It is obvious, that building and repairing, or otherwise procuring a school-house, furnishing the house with the necessary appendages and accommodations, purchasing suitable ground on which to erect such school-house, and supplying wood,—for all which purposes the law authorizes a school district to lay taxes,—are expenses of the district ; and when the vote states, that the tax was imposed to defray the expenses of the district, it is a reasonable inference that those expenses were such as might be lawfully defrayed by the imposition of a tax.   It is to be presumed, that the corporation acted within the limits of its authority ; and it ought to have the benefit of this presumption fairly arising from the language in which its purpose is expressed, unless it is rebutted by proof. The power of taxation given to towns, ecclesiastical societies, school societies and all other minor corporations, is limited.   In some, it is more extensive than in others ; but in all, there is a limit which they cannot lawfully pass.   The same strictness in specifying the objects of the tax, must be required in all, as in any one of them ; and if it be necessary that the vote of a school district should state these objects with particularity and technical precision, the same strictness would be necessary, in this particular, in the votes of towns ; and yet it is well known the votes of towns laying their annual taxes, seldom contain any thing more than the amount of the tax levied, the assessment list on which it is laid, the time when it is payable, and that it is imposed to defray the expenses of the town, with the addition, sometimes, that interest is to be paid after a specified time.   We believe it has never been supposed, that such votes

*Hartford,*
June, 1838.

West School
District of Can-
ton
*v.*
Merrills.

were void, for the want of a more precise statement of the purposes for which they were passed. The law has raised a fair presumption to support them, which continues until rebutted by proof. It has inferred, that the tax was laid to pay such expenses as the towns had lawfully incurred, and which they might lawfully discharge, by means of a tax. This is in accordance with the general proposition, that acts done by the corporation, which pre-suppose the existence of other acts to make them legally operative, are presumptive proofs of the latter. The acts of artificial persons afford the same presumptions as the acts of natural persons. In each case presumptions arise from acts done, of what must have preceded them as matters of right or matters of duty. *Bank of the United States* v. *Dandridge* & al. 12 *Wheat.* 64. In *Atwater* v. *Town of Woodbridge,* 6 *Conn. Rep.* 223., the action was *indebitatus assumpsit,* to recover back money collected of the plaintiff, by virtue of a tax laid by the town, which was claimed to be illegal. In the vote of the town imposing the tax, it was expressed to be " to defray their necessary expenses ;" and yet neither the able counsel who argued the case for the plaintiff, nor this court who decided it, suggested, that the tax was illegal, for want of a more precise statement of the object for which it was laid : and in the " Act prescribing forms of writs and processes," the form of a warrant for collecting town taxes, describes the tax or assessment as one " granted and agreed upon by the inhabitants of the town, *for the defraying the necessary charges arising within the same.*" *Stat.* 245, 6. *tit.* 38. *s.* 11. We can perceive no reason why the rules of special pleading should be applied to the votes of these *quasi* corporations ; and are disposed to give them their full legal effect, when it appears from them, with reasonable certainty, that they have acted within the scope of the authority conferred by law, and in the absence of sufficient proof that they have exceeded that authority.

Several cases decided by this court, were cited in the argument, which were supposed to bear a strong analogy to the present case, and ought to govern it. *Grumon* v. *Raymond* & al. 1 *Conn. Rep.* 40. *Hayden* v. *Noyes,* 5 *Conn. Rep.* 391. *Willard* v. *Killingworth,* 8 *Conn. Rep.* 242. *Starr* v. *Scott,* 8 *Conn. Rep.* 480. *Hall* v. *Howd* &. al. 10 *Conn. Rep.* 514. We have examined them, and are unable

to perceive their application to the case before us. The same precision is not required in the proceedings of these corporations, who act collectively, and speak by their votes, as in those of individual magistrates and officers, who act by delegated authority, who have a special and limited jurisdiction, and in support of whose jurisdiction, nothing is ordinarily intended.

The superior court is to be advised, that there is error in the judgment of the justice; and that it be reversed.

In this opinion the other Judges concurred.

Judgment to be reversed.