Sutliff, J.
This court can not revise the judgment of the district court in respect of the weight of evidence upon the trial being in favor of or against the verdict. An inspection of the record very obviously does not afford this court the same means possessed by the district court of determining the preponderance of evidence given upon the trial in respect of the issue. The court under whose observation the evidence upon the trial was given had an opportunity to judge of the manner and measure of the evidence for and against the affirmative of the issue, which this court does not possess. The decision of that court as to the weight of evidence being in favor of the verdict, by the exercise of their legal discretion in overruling the motion for a new trial upon that ground, this court can not call in question.
The district court excluded the proof, offered by plaintiffs in error, of the state of the accounts between the parties. In this we do not perceive any error. The object of the proof, when offered, was not stated. The court trying the case did. not, and we can not, perceive what relevancy the state of the accounts between the parties had to the issue — whether the plaintiffs in error had or had not wrongfully converted to their own use the goods and chattels of defendant in error, as charged. Inasmuch as there was no evidence tending to connect plaintiffs in error with the statement of Bates, that there was nothing due McCullough from them, we think the proof proposed was not improperly excluded.
Apart from the foregoing questions, the claim of plaintiffs in error, and upon which their counsel rested their defense .in the court below, was, that their purchase of the property was valid. *They held by an apparent valid contract in writing, executed by McCullough.
On the trial below, it was insisted, on behalf of plaintiffs in error, first, that McCullough was not in fact under duress at the time of executing this bill of sale or assignment; and, second, that even if under duress at the time of its execution, by his subsequent conduct he had recognized the validity of the transfer, and therefore could not, by bringing an action of trover, treat the assignment as a nullity.
The record shows clearly that the whole defense of plaintiffs in error against a recovery rested upon these two propositions. Any charge of the court tending to prevent their fully and fairly pre *276 sénting their defense, would bo error. Does the record in this-respect disclose such error?
It is true, the court refused to charge the jury in the language-requested by counsel for plaintiffs in error; but the court did instruct the jury upon the points of the case requested, only in language somewhat different from, that which they were requested ta use. The language used by the court, in each particular upon, which the court was asked to give instructions to the jury, was perhaps a material qualification of the rule of law proposed and insisted upon by counsel for plaintiffs in error.
• If the instructions they requested to be given to the jury were-strictly correct and legal, relating, as they did, directly to the issue, it was their right to have the instructions so given, as proposed by them.
In regard to the first proposition on the part of the defense, that McCullough was not in fact under duress, counsel for plaintiffs in error seem rather to complain of the finding of the jury, as contrary to the evidence, than of any erroneous holding of the courbas to-any point of law. And we have already remarked upon the action of the court in overruling the motion for a new trial.
The instructions of the court to the jury, touching the nature of a duress and its effect upon a contract obtained thereby, we think correct; and we do not understand counsel as particularly excepting to the charge of the court in that regard.
*But upon the second proposition, that if the contract was obtained by duress, it was afterward ratified, the court was requested to instruct the jury that if they should find that sufficient time had elapsed after the contract was obtained from McCullough, pi-evious to the purchase by plaintiffs in error, for him to have notified them not to purchase, and he remained silent, such silence was evidence of a ratification. We think such instruction, without any qualification, would not have been strictly correct.
Upon this point of the ease, the court instructed the jury that'if they were satisfied that the plaintiff, with a full knowledge of the facts and of his rights, ratified the contract, he could not recover; that, if he stood silently by, after the contract or assignment had been so obtained from him, and after he was released from duress, and allowed the then defendants to purchase the property, he could not recover in that action. And we think the charge of the court in that respect unobieetionable.
*277 From a careful examination of the record, we are unable to discover any substantial error going to affect the right of recovery on the part of defendant in error.
But in relation to the rule of damages, as to the amount to be recovered, we regard the instructions of the court to the jury as •exceptionable in one particular.
The record shows that previous to the avoidance of his assignment or contract on the part of McCullough, the plaintiffs in error had purchased the property, and paid the price specified by the contract according to its terms, to the hands and creditors of McCullough. His agent, Hickey, had sold the property- to the ■plaintiffs in error, with McCullough’s written authority and instructions in his hand, and according to the terms thereof, and received ■therefor the payment of the $250 to the workmen, the creditors of McCullough, and obtained their acquittance and receipts to McCullough. This was the manner of payment for the property proposed by McCullough to plaintiffs in error before the difficulty with his workmen; at which time he was requesting plaintiffs in error to purchase this property, and from the purchase money to pay his indebtedness to the hands.
*Under this state of facts, the court instructed the jury that they should regard the value of the property at the time of the conversion as the rule of damages, “ without credit for the amount paid by the defendants to the hands,” for plaintiff.
The value of the property, it is true, in an action of trover, is the general rule of damages. But under this general rule there ■are certain exceptions as well established as the rule itself. These ■exceptions rest upon the same equitable principle that the rule does. That principle requires that the plaintiff should recover a just compensation, and no more, for the damages which he has actually sustained by the conversion of his property. If the property has been retaken, or returned, after taken, in whole or in part, such fact is always regarded as an exception to the general rule, that the full value of the property should be regarded as the amount of damages to be recovered; and the facts are permitted ■to be given in evidence in mitigation of damages.
Resting upon the same principle, is the case where property has •been taken in the exercise of a supposed right, and sold, and the proceeds paid for the benefit of the owner, in discharge of his indebtedness, when it afterward turns out that the taking and sale *278 were without authority. And we regard the facts in such a casa as constituting an exception to the general rule, that the plaintiff is entitled to recover the full value of the property as the amount of his damages.
If the proceeds of the sale of the property had been paid to the owner, wherein would it have differed from a return of the property, or part thereof to him ? And we are not able to perceive why a payment of the proceeds of the property for the owner, where he has unquestionably received the benefit of such payment, and the proceeding on the part of the defendant has been in good faith, should not also go in mitigation of damages.
This view of the subject, which, we regard as applicable to the case, seems to ns fully sustained by the decisions of other courts, among which see Price v. Benjamin, 14 Pick. 356; Baldwin v. Porter, 12 Conn. 437; Clark v. Whittaker, 19 Ib. 330; Curtiss v. War’d, 20 Ib. 204; Froshay v. Ferguson, 5 Hill, 154.
*TJnder this view of the case, we should feel constrained to reverse the judgment below, had the cause of reversal been permitted to remain. But during the pendency of this proceeding in error, the defendant in error, by counsel, on leave of the court, appear» and remits from the judgment of $847.87, rendered by the district court, as of the date thereof, the sum of $250, so paid for him from the proceeds of the sale of said property, with interest from the time of payment, amounting at the date' of judgment to $323; leaving due upon the judgment, at the rendition thereof, only $524.87.
' The judgment of the district court is therefore affirmed for that sum, and costs of that court, but at the costs of the defendant int error in this court.
Bartley, C. J., and Swan, Brinkerhóee, and Scott, JJ., concurred.