WEST *et al.* v. WHITAKER *et al.*

1. **Taxation:** IN AID OF RAILROADS. After the township trustees have decided that the petition for the election to vote aid in the construction of a railroad is signed by the requisite one-third of the resident taxpayers and have ordered the election, which has been held, the tax voted and levied, the validity of it cannot be assailed on the ground that the petition was not signed by the requisite number of tax payers.

2. —— NOTICE OF ELECTION. Notice of the election which specifies the name of the company, and that the aid voted is to be expended by said company in " the construction of their road within Waterloo and Cedar Falls townships, on the west side of the Cedar river above Black Hawk creek in said county," is sufficiently specific as to the *line* of the road.

3. —— FORM OF BALLOTS. The notice also specified that " those in favor of aiding in the construction of said railroad will have written or printed on their ballots ' taxation,' and those opposed thereto ' no taxation.' " *Held*, that ballots having on them the word " taxation " were properly counted and returned as " for taxation."

4. —— SUFFICIENCY OF LEVY. The collection of a tax will not be enjoined on the ground of irregularity in the levy when the purpose to levy the tax and have it collected is plainly manifest and substantially in the manner provided by law.

5. —— It is accordingly *held*, where a committee, appointed by the board of supervisors, made a report recommending the levy of a specified tax, and the report was adopted, that this was a sufficient levy.

*Appeal from Black Hawk District Court.*

FRIDAY, DECEMBER 12.

THIS is a suit in equity to enjoin the collection of a tax voted in aid of the Burlington, Cedar Rapids & Minnesota Railroad. A temporary injunction was allowed.  On the final trial, the injunction was dissolved and the petition dismissed at the cost

of plaintiffs. The plaintiffs appeal. The material facts are sufficiently set out in the opinion, in connection with the points ruled thereon.

*Boies, Allen & Couch* for the appellants.

*A. S. Belt* for the appellees.

COLE, J. — I. The first point made, as entitling the plaintiff to the injunction, is, that the petition under which the township trustees submitted to the voters of the township the question of voting the tax, was not signed by one-third the resident tax payers of the township. Very much of the evidence in the case, and of the arguments of counsel, have been directed to the question of fact, as to whether the petition was signed by the requisite one-third. But this fact becomes immaterial, for that we have heretofore held, that after the township trustees have decided that the petition for the election to vote aid is signed by the requisite one-third of the resident tax payers, and have ordered the election, which has been held, the aid voted, and the tax levied pursuant to it, the validity of the tax cannot be assailed on the ground that the petition was not signed by the requisite number of tax payers. See *Ryan et al.* v. *Varga, Treas., et al., ante,* noted in 7 West. Jur. 592. In this case it also further appears that the railroad had been completed and in operation before this action was commenced.

II. It is next insisted that the notice of the election was fatally defective, for that it did *not specify the line of road to be aided* by the vote, as required by statute, but only the name of the railroad company. It seems, however, that the objection is not well founded in fact. The notice does specify the submission " of the question of aiding in the construction of the railroad of the Burlington, Cedar Rapids and Minnesota Railroad Company ;" but it also specifies that the tax is " to be paid to said railway company, as provided by law, and by it expended only in the construction of their said railroad within Waterloo and

*1. TAXATION.*

*2. —— notice of election.*

Cedar Falls townships, on the west side of the Cedar river above Black Hawk creek, in said county." This is sufficiently specific as to the *line* of the road.

III. The appellants further urge that a majority of the votes polled were not "for taxation," and that the clerks of the election were not authorized to certify that the tax had been voted. It is not controverted that at the election there were 470 ballots cast with "taxation" on them, and only 37 ballots cast with "no taxation" on them. The question made, therefore, is grounded on the form of the ballot. The notice of the election specified that " those in favor of aiding in the construction of said railroad, in the manner hereinafter set out, will have written or printed on their ballots " taxation," and those opposed thereto will have written or printed on their ballots "no taxation." The ballots cast were therefore counted and certified strictly in accordance with the notice of election ; and the intention of the voter is so plainly manifest as to leave no room for any reasonable doubt. Besides, it seems that the notice was in accord with the statute ; it says, " at which election the question of ' taxation ' or ' no taxation ' shall be submitted." § 2, ch. 102, Laws 1870.

3. —— form of ballot.

IV. It is also claimed that no levy of the tax was made by the board of supervisors, nor was the auditor authorized to place the same on the treasurer's book. It appears from the evidence that the board of supervisors had a committee on taxation and equalization, and that at the September session of the board that committee reported and recommended that the following taxes be levied (after enumerating several taxes): " The committee further recommend that a tax of five per cent be levied upon the taxable property of Cedar Falls township, for the purpose of rendering aid to the Burlington, Cedar Rapids and Minnesota Railway Company, as voted by said township August 12, 1870." * * * * All of which is respectfully submitted. Report adopted, giving the names of those voting.

4. —— sufficiency of levy.

It appears to us that this was a sufficient levy. A more formal entry might have been made; and the auditor might have been directed to place the tax upon the tax list. But it is well settled that a tax cannot be enjoined for such technical defects, omissions, or mere irregularities. The purpose to levy the tax and have it collected is plainly manifest, and substantially in the manner provided by law.

Affirmed.