## SHONTZ v. EVANS.

1. **Taxation:** TAX IN AID OF RAILROAD: CERTIFICATE OF CLERK. Where the township clerk filed with the county auditor all the record proceedings relating to a tax voted to aid in the construction of a railway, and a certificate that the election was held upon the proper day and that a majority of the votes cast were in favor of the tax, this was *held* to be a substantial compliance with the requirement that the clerk should certify the rate per centum of the tax voted.

2. ——: ——: SUFFICIENCY OF LEVY. The levy of a tax described as "railroad tax 5 mills," is sufficiently explicit, when the purpose and object of the tax and the beneficiary corporation can be ascertained *aliunde*.

3. ——: ——: CONDITION. The collection of a railroad tax cannot be defeated by a change in the location of the road after the tax is voted, when it violates no condition of the vote. (*Muscatine Western R. Co. v. Horton*, 38 Iowa, 33.)

### Appeal from Appanoose District Court.

### FRIDAY, DECEMBER 18.

ACTION in chancery to enjoin the collection of a tax levied upon the property of defendant, to aid in the construction of the Missouri, Iowa & Nebraska Railroad. A demurrer to certain parts of the petition was sustained. To the other facts defendant answered, and upon the trial a preliminary injunction allowed upon filing the petition was dissolved, and the petition was dismissed. The plaintiff appeals.

The facts of the case, so far as they involve an understanding of the points ruled, are found in the opinion.

*Tunnehill & Fee*, for appellant.

*H. H. Trimble, Miller & Crosby*, and *Vermilion & Haynes*, for appellee.

BECK, J.—The tax in question was levied by the proper officers of Appanoose county upon the taxable property of Center township under a vote of the electors of that township

in pursuance of Chapter 102, Acts Fourteenth General Assembly. Certain things are urged by appellant as defects in the proceedings, which, he alleges, vitiate the tax. We will proceed to consider them.

I. The statute named provides that "if a majority of the votes polled be for taxation, then in that case the township
1. TAXATION: clerk, recorder, or clerk of said election, shall
railroad tax: forthwith certify to the county auditor the rate
certificate of
clerk.   per centum of the tax thus voted by such township, city or town." It is insisted by appellant that this requirement was not complied with, and for that reason the tax is invalid. We find it unnecessary to inquire whether the alleged defect is jurisdictional in its character, and, if established, would defeat the levy of the tax. We think the law was substantially complied with. The clerk of the township filed with the county auditor all the record proceedings had in the township pertaining to the tax in question. Among these were the proceedings of the trustees ordering the submission to a vote of the electors the question whether a tax, naming the per centum, should be levied to aid in building the railroad above mentioned. This was signed by the clerk of the township.

A writing signed by the clerk was also among them, certifying that the election was held upon the day fixed, and that a majority of the votes were in favor of taxation. All of these papers were attached together, the one last named closing the series. Whether all these papers be considered as one or not, we have it made to appear by them that the question was submitted whether the tax should be levied, and that the tax was voted, and these facts appear in papers, each of which was signed by the clerk. The law requires the clerk to "certify," that is "to certify in writing, (to make a declaration under his hand,) to the county auditor, the rate per centum of the tax thus voted."

This may be done in two papers as well as one, if the fact required be made clearly to appear. The law will not regard the form, if there be a substantial compliance with its requirements. In our opinion, there was here such compliance.

From the papers filed by the clerk, it is unmistakably shown that the township voted a tax of five per centum to aid the building of the railroad named. This is just what the law requires—nothing less.

II. It is next insisted that there was no levy of the tax by the Board of Supervisors. Here again appellant relies upon 2. —: —: want of form rather than any substantial defect. sufficiency of levy. At the proper time the supervisors, by resolution, levied the taxes upon the property of the county for the proper year. The resolution enumerates the different taxes as state, county, school, etc., and then enumerates the taxes of Center township as follows: " Teachers fund, 5 mills; Contingent fund, 2 mills; Railroad tax, 5 mills." It is insisted that this description is not sufficiently explicit in order to make certain the purpose and object of the tax, the corporation to receive it, etc. But taken with the certificate of the township clerk above referred to, and the other papers filed with and attached to it, all these matters become certain. *Id certum est, quod certum reddi potest.* It could be hardly expected that the resolution, whereby the levy was made, should be more explicit as to this tax than it is as to the others. These taxes are levied by name, and their object and purpose is made certain by the law. So the railroad tax is levied by that name and its object is certainly discovered by reference to the certificate required by the law.

III. After the tax was voted the location of the railroad in a part of its course was changed, and it was not extended 3. —: —: to a point through which the directors of the corcondition poration, by resolution, declared they intended to build it. But these matters are in conflict with no condition stipulated upon which the tax was voted. They did not constitute any part of the conditions of the vote. The validity of the tax is not affected thereby. *Muscatine Western R. Co. v. Horton et al.*, 38 Iowa, 33.

IV. The township trustees filed a certificate as required by Sec. 3, Chap. 102, Acts Fourteenth General Assembly, to the effect that the provisions of the law had been complied with, so as to authorize the payment of the tax to the railroad com-

pany. The papers which the township clerk filed, that we hold are to be regarded as certifying the vote and per centum of tax to be levied, sufficiently show the conditions upon which the tax was voted, and the certificate just mentioned shows that they were performed.

V. The plaintiff, by a motion, asked that certain issues found in the case should be submitted to a jury, which was refused. There was no error in this ruling. See Code, Sec. 2740.

These views dispose of all points made by appellant. The judgment of the District Court is

AFFIRMED.