Okey, J.
A fair construction of the legislation set forth in the statement of the case, requires us to say that the road funds, which by the act of 1877 (74 Ohio L. 92), and ¡section 487 of the municipal code (66 Ohio L. 231), were required to be expended in the municipal corporation, were taxes levied by the corporation, or the county commissioners under the act of 1877. The act of April 30,1869 (66 Ohio L. 60), and the supplementary act of 1873 (70 ■Ohio L. 118), are independent statutes, still in force, and unaffected by the act of 1877 or the legislation with respect to municipal corporations. The purpose for which the extraordinary levy is made, under the act of 1869, might be defeated by a division of the fund; and it clearly .appeal’s, from the supplementary act of 1873, that a municipal corporation can in no way control a tax levied under the act of 1869, until it can have the benefit of the supplementary act. As no case is presented for the operation of the supplementary act, the question before us is whether the tax in question was levied under the act of 1877 or the act of April 30, 1869.
Beside the claim, which we hold to he untenable, that ■even if the taxes were levied under the act of April 30, 1869, they must, under the act of 1877 and section 487 of the municipal code, be expended in the municipal corporation, *349 the city further claims that the act of 1877 is general; that the levy, in the general form set forth in the record, is a-substantial compliance with that act; that the time specified for making the levy, that is, at a special session in May, 1877, was directory; that if the amount levied and collected was in excess of that authorized by the act, the-county auditor could not interpose the objection in this-case; that the act of April 30, 1869, has relation to a special condition of things, of the existence of which nothing appears in the record; and, therefore, that it necessarily follows the levy was made under the act of 1877.
Admitting the premises, does the conclusion follow that this was a levy under the act of 1877, and not under the-act of April 30, 1869 ? Possibly it is true that naming the time for making the levy was not a limitation on the authority of the commissioners, and it may also be true that the auditor could not avail himself of the defense that the-amount levied is in excess of that authorized by law (31 Ohio St. 432); but in the construction of these acts, in determining whether the levy was made under the act of 187T or that of 1869, the fact that the levy was made at the time,, and for an amount expressly authorized by the act of 1869, while it -was not made at the time directed in the act of 1877, and was in excess of the levy authorized thereby, is-of great importance. “ When an instrument is susceptible of two conflicting probable constructions, the court will adopt the construction which is most consistent with good faith, and will hold that such construction was intended by the parties; and this rule of construction applies to cases where an act or fact is fairly susceptible of two interpretations, one lawful and the other unlawful.” 2 Whart. Ev. §• 1249.
The commissioners of the county constitute aboard, and the county auditor is their secretary, who is required to “ keep- an accurate record of all their corporate proceedings.” 67 Ohio L. 104. The proceedings of the board are, in many respects, those of a court of special and inferior jurisdiction. In Anderson v. Commissioners, etc., 12. *350 Ohio St. 685-648, it was' said : “ The lihaited record they ■direct to be made is to be considered evidence of the establishment of the road, although unaccompanied by proof of the essential requisites to the exercise of the jurisdiction conferred.” The same principle is recognized in Beebe v. Scheidt, 13 Ohio St. 406; Corry v. Gaynor, 22 Ohio St. 584; McClellan v. Miller, 28 Ohio St. 488; Frevert v. Finfrock, 31 Ohio St. 621.
In this case it appears the commissioners were clothed with authority to levy taxes for road and bridge purposes. 'They met as a board, at the time directed in the "act of April 30, 1869, took the subject of a levy for road purposes under that act into consideration, and made a .levy for the purpose, general in terms, in excess of that authorized by the act of 1877, but within the act of 1869, which was the .statute upon which they intended to base their action. ■Consequently, it appears the matter was within the juris■diction of the board. The authorities above mentioned, though referring to judicial action, are applicable; and, moreover, they are in accordance with the general rule. “Judicial officers, though of special and limited jurisdiction, will be presumed to have acted regularly as to all matters within their jurisdiction, unless the record shows to the contrary.” 2 Whart. Ev. § 1308; 2 Best’s Ev. § 360.
While the levying of taxes is a legislative power (Cooley -on Taxation, 33), the record of the officers making the levy will receive at least as favorable consideration as the records of an inferior judicial tribunal. In the well-conisidered case of West School District v. Merrills, 12 Conn. 437, it was said: “ There is no rule of law which requires any formal technical statement of the objects for which the -money is to be raised. All that can be required, in respect to such statement, to render the vote prima facie legal, is that it should appear from the vote, with reasonable cer■tainty, that the tax is laid for a purpose authorized by ■law.” The same view is strongly enforced in Adams v. Hyde, 27 Vt. 231; Blodgett v. Holbrook, 39 Vt. 336 ; West v. Whitaker, 37 Iowa, 598. And see, as supporting it, Gear *351 hart v. Dixon, 1 Penn. St. 224; Swift v. Poughkeepsie, 37 N. Y. 511; Cooley on Taxation, 249; Burroughs on Taxation, 397.
We need not determine whether the commissioners are required or permitted to expend any portion of the tax in Lima. They have exclusive power over the fund, and it is “ to be expended under their directions, in such manner as may seem to them most advantageous to the interest of any such county, for the construction, reconstruction, or repair of any such road or roads.” 66 Ohio L. 60. The people of the whole county are supposed to have an interest in the public highways. The particular condition of things which called for the imposition of the tax is unknown to us, but we are bound to assume it justified a levy on all the taxable property of the county; and we are not warranted in saying that it would be a violation of the constitution to tax the citizens of Lima, in common with the people throughout the county, for the repair of roads on which the prosperity of the corporation may largely depend; and this does not conflict in any way with the authorities l’elied on by the counsel for the city. Burroughs on Taxation, 61; Cooley on Taxation, 104.
In holding that no case is made for relief, we do not mean to decide that the record of the county commissioners, in levying a tax, is conclusive. That the record of the board may be contradicted in some respects, even collaterally, and the action of the commissioners restrained, seems to be clear. 4 Curwen, 2819; Anderson v. Comm'r, supra; Carry v. Gaynor, supra; Hays v. Jones, 27 Ohio St. 218-230; Stephan v. Daniels, Ib. 527. Perhaps it may be difficult to reconcile Beebe v. Scheidt with these cases, in this respect, but it is unnecessary to undertake the task in. this case.

Peremptory writ refused.