MAURICE A. EVANS, Collector of Taxes of the Town of Cumberland, *vs.* GEORGE W. NEWELL, City Treasurer of the City of Pawtucket.

An assessment list for town taxes was made up as follows:

|  | Real. | Personal. | Tax. |
|---|---|---|---|
| Pawtucket, City of, land and buildings not used for water works purposes...... ........... | $10,000 |  | $80.00 |

These lands of the city of Pawtucket lay in separate tracts.

*Held,* that the assessment was void. It is not in accordance with Pub. Stat. R. I. cap. 42, § 4, and is indefinite.

Parol evidence cannot be used to supplement an assessment description too indefinite for the identification of the land assessed.

PLAINTIFF'S petition for a new trial.

*October* 24, 1892. PER CURIAM. We are of the opinion that the assessment of the tax sued for was void. It is in the words and figures following, to wit:

|                                                             | Real.    | Personal. | Tax.    |
| ----------------------------------------------------------- | -------- | --------- | ------- |
| Pawtucket, City of, land and buildings not used for water works purposes | $10,000 |           | $80.00  |

The statement of evidence shows that the city of Pawtucket was the owner of lands in Cumberland, not used for water works purposes, and lying in separate tracts or parcels. This being so the assessment was bad because not in conformity with the requirement of Pub. Stat. R. I. cap. 42, § 4, that "separate tracts or parcels shall be separately described and valued as far as practicable." In *Young* v. *Joslin*, 13 R. I. 675, this requirement, being for the benefit of the taxpayer, was held to be so far mandatory that its observance was essential to the validity of the tax, unless there were circumstances which rendered its observance impracticable. No such circumstances appear in this case.

Again, the description of the lands is so vague and uncertain that it in no wise identifies the lands assessed. The owner could not know from it what lands were assessed, nor whether the lands of other persons might not be included in the assessment. Such an assessment imposes no duty upon a taxpayer. *Hopkins* v. *Young*, 15 R. I. 48; *Young* v. *Joslin*, 13 R. I. 675, 679; *City of Philadelphia* v. *Miller*, 49 Pa. St. 440, 448, 449, 455, 456; *Curtis* v. *The Board of Supervisors of Brown County*, 22 Wisc. 167, 170.

Parol evidence is admissible for the purpose of applying a description to the land, or to remove a latent ambiguity. *Judd* v. *Anderson*, 51 Iowa, 345, 347; *Jenkins* v. *Sharpf*, 27 Wisc. 472; 2 Desty on Taxation, 856. But it cannot be resorted to for the purpose of supplementing, and thereby making certain, a description which is so defective that it does not identify the land. As stated in *City of Philadelphia* v. *Miller*, 49 Pa. St. 440, 449, " Assessment is, from its legal requirement and the necessity of preserving its evidence, a written entry, and must depend upon the records of the commissioners' (assessors') office, and not upon parol evi-

dence." And see also *McCall* v. *Lorimer*, 4 Watts, 351, 355; *Lessee of Miner* v. *McLean*, 4 McLean, 140; *Curtis* v. *The Board of Supervisors of Brown County*, 22 Wisc. 167, 169; Cooley on Taxation, 2d ed. 406.

Plaintiff's petition for new trial denied and dismissed.

*Edwin Aldrich, Daniel R. Ballou & Frank H. Jackson,* for plaintiff.

*Thomas P. Barnefield,* for defendant.