## WASHINGTON COUNTY.

---

EZBON S. TAYLOR, Collector of Taxes of the District of Nar-
ragansett, *vs.* NARRAGANSETT PIER COMPANY.

A tax assessment on six separate and distinct parcels of land designated in the
   assessment as "Beach," where no circumstances appear to show that it is not
   practicable to describe and value them separately is invalid, 1, because it is
   not in conformity with Pub. Stat. R. I. cap. 42, § 4, which requires that
   "separate tracts or parcels shall be separately described and valued as far as
   practicable," and 2, because it is so vague and uncertain that it does not iden-
   tify the lands assessed.

ASSUMPSIT for taxes. Certified from the Common Pleas
Division on an agreed statement of facts.

*Providence, June* 8, 1895.    PER CURIAM.    At the time of
the assessment, the defendant owned six separate and dis-
tinct parcels of land shown on the plat put in evidence on
the trial and particularly described in the account of the
ratable estate of the defendant a copy of which account is
annexed to the agreed statement of facts. In the assess-
ment, these various parcels instead of being separately de-
scribed and valued, as required by Pub. Stat. R. I. cap. 42,
§ 4,[1] are all included under the designation *"Beach."* No
circumstances appear to show that it was not practicable
separately to describe and value the several parcels. As the
assessment was not in conformity with the requirement of
the statute, it must be held to be invalid.    *Young* v. *Joslin*,
13 R. I. 675 ; *Evans* v. *Newell*, 18 R. I. 38.

The assessment must also be held to be invalid because it
is so vague and uncertain that it does not identify the lands
assessed. The owner could not know from it what lands
were assessed, nor whether the lands of other persons might
not be included in it. *Evans* v. *Newell*, *supra*, and cases
cited.

---

[1]As follows :

   SEC. 4. Taxes on real estate shall be assessed to the owners, and separate
tracts or parcels shall be separately described and valued as far as practicable.

The case is remitted to the Common Pleas Division with direction to enter judgment for the defendant for its costs.

*Frederick C. Olney*, for plaintiff.

*Benjamin W. Case*, for defendant.