ALBERT J. MOWRY, Collector, *vs.* MARQUIS D. L. MOWRY, Administrator.

JABE J. APPLEBY, Collector, *vs.* SAME.

PROVIDENCE—MAY 3, 1897.

PRESENT: Stiness, Tillinghast and Douglas, JJ.

A town, at its annual town meeting in three successive years, voted that a sum stated "be assessed as the tax for the ensuing year." The warrants calling the meetings, and read therein before the votes were passed, specified that the meetings were "for the purpose of ordering a tax for the support of public schools, for the aid of public libraries, for the repair of highways and bridges, for the payment of the state tax," &c.:—

*Held*, that it was not a fatal error that the objects of the tax were not specified in the votes.

*Held*, further, that the form of words in which the vote was recorded was immaterial, the record being sufficiently definite to express the intention of the voters.

*Held*, further, that the votes were not fatally defective in not designating the kind of property on which the assessments were to be made, since the law defined the property on which the taxes were to be levied as clearly as the votes could have done.

The tax ordered for one of the years mentioned was at the rate of one dollar and fifteen cents on each one hundred dollars of the ratable property assessed in the town :—

*Held*, that under Pub. Stat., cap. 34, § 18, a tax could not be ordered for more than one per centum of the taxable valuation of such property.

*Held*, further, that the whole tax was not thereby void as the excess was easily separable from the lawful levy.

ACTION to recover town taxes. Certified from the Common Pleas Division on waiver of jury trial, and heard on the pleadings and evidence.

DOUGLAS, J. These cases were brought by the collectors of taxes of the town of Smithfield to recover the town taxes assessed against the defendant in that town for the years

1892, 1893 and 1894, and were heard by the court, jury trial being waived.

The defendant admits that he possessed ratable property in said town at the times charged, but makes many objections to the validity of the taxes ordered in these years. Several of these defences disappeared at the hearing, as they were contradicted by the evidence produced.

It appeared, however, from the town records, that the votes of the electors ordering these taxes in the years 1892, 1893 and 1894, did not designate upon what kind of property the tax should be assessed, nor what purposes the tax was to be assessed for, and that in 1894 the tax ordered was in excess of one per centum of the value of the ratable property of the town.

The votes ordering the assessment of the taxes were as follows :

For the year 1892 :

" Voted, that not less than twenty thousand dollars nor more than twenty thousand five hundred dollars shall be assessed as the tax for the ensuing year."

For the year 1893 :

" Voted, that not less than seventeen thousand five hundred dollars nor more than eighteen thousand dollars shall be assessed as the tax for the year ensuing."

For the year 1894 :

" Voted, that not less than sixteen thousand dollars nor more than seventeen thousand dollars be assessed as the town tax for the ensuing year."

The meetings at which these taxes were ordered were the regular annual town meetings required by law to be held on the second Tuesday in June " for ordering town taxes."

The warrants issued for the warning of these meetings, and which were read therein before the votes were passed, are of similar tenor, and all specify as the object of the meeting " for the purpose of ordering a tax for the support of public schools, for the aid of public libraries, for the repairs of highways and bridges, for the payment of the state tax," &c., &c.

These are all lawful objects for which a town may tax its inhabitants and their property. Pub. Stat. R. I. cap. 34, §§ 3 and 5, provided notice be given in the warrant that it is intended to order a tax. Pub. Stat. cap. 35, § 12.

We do not regard it as a fatal error that these objects were not specified in the vote itself. As we have said, the meeting was called for the purpose of ordering the annual town tax. No elector present could be ignorant, when called upon to vote upon the proposition that he was to decide, that, if carried, it meant to impose an annual tax of a certain amount upon his property, to be collected and paid into the town treasury, and to be subject to appropriation for the obligations of the town specified in the warrant. Whether the expression of the voter's will in this behalf was by raising the hand, casting a ballot or uttering a response, is immaterial, and so we think is the form of words in which the vote is recorded, provided the record is sufficiently definite to express the real intention of the voters.

This conclusion is amply supported by the authorities cited in behalf of the plaintiffs.

Cooley on Taxation, p. 337, says : "In voting the tax the people will be acting in their political capacity, and their action is to be favorably construed, and not to be over-ruled or set aside by judicial or any other authority, so long as they keep within the limits of power bestowed upon them. Technical defects and irregularities should be overlooked, so long as the substance of a good vote sufficiently appears, for the obvious reason that local business is largely and of necessity in the hands of plain people who are unskilled in the technicalities of law and unaccustomed to critical or even accurate use of language. A strict construction of their doings would inevitably be mischievous, and would defeat the collection of the revenue in very many cases. It will be found, therefore, that the courts sustain such action wherever sufficient appears to make plain the intent of the voters, provided the intent is warranted by the law."

If the purpose to levy the tax and have it collected is

plainly manifest the court will hold the levy good, although
there may be technical defects, omissions and irregularities.
*West* v. *Whitaker*, 37 Ia. 598.

In *Shontz* v. *Evans*, 40 Ia. 139, the court held that if the
object of the tax is made certain by law the levy will be held
good, although not definite in terms.

See also, as to the effect of irregularities not controverting
the intention of the electors. *Benjamin* v. *The District
Township of Malaka et al.*, 50 Ia., 648 ; *Jefferson County
Com.* v. *Johnston*, 23 Kan. 717.

The objection that the vote did not designate the kind of
property to be assessed is based upon the assumption that
under sec. 3 of cap. 34, Public Statutes, towns are given
the power to raise by tax on real or personal property, or on
both, such sums as shall be necessary for certain specified
objects, and that hence they have an option to tax either
kind of property and must elect by their vote which kind the
tax shall be levied upon.

This contention might be tenable if this section referred to
were the only provision on the subject, but there are other
provisions in the statutes which limit the general enumera-
tion of the powers of towns given in this chapter.   Sec. 3 of
cap. 43 provides that '' all property liable to taxation shall
be assessed at its full and fair cash value ; '' and sec. 4 of the
same chapter provides, '' The assessors shall assess and ap-
portion any tax on the inhabitants of the town and the rata-
ble property therein, at the time ordered by the town.''   As
is urged by the plaintiff, if the electors had the right to order
the tax upon any but entire ratable property, it would be
impossible for the assessors to assess such a tax under the
provisions of secs. 3 and 4 of cap. 43.   But the power of
the town in this regard is defined by § 1 of cap. 43, which
provides as follows :   '' The electors of any town qualified to
vote on a proposition to impose a tax, when legally assem-
bled, may levy a tax for the purposes authorized by law, on
the ratable property of the town,'' &c.

The law then supplied the omission of the vote, and de-

fined the property upon which the tax was to be levied as
clearly as the vote could have done.

In regard to the tax of 1892, it appears that the tax voted
was at the rate of one dollar and fifteen cents upon each one
hundred dollars of the ratable property assessed in the town.
Pub. Stat. R. I., cap. 34, § 18, provides : "No town shall
assess its ratable property in any one year in excess of one
per centum of its ratable value, except for the purpose of
paying the indebtedness of such town or the interest there-
on, or for appropriations to any sinking fund or extraordi-
nary repairs for damages caused by the elements."

Now, following out the conclusion we have arrived at in
discussing the validity of the form of vote, we must hold
that the tax, being levied for the purposes named in the
warrant, could not be ordered for more than one per cent. of
the taxable valuation of the property in the town. The de-
fendant contends that the whole tax is therefore void. We
do not think so. The town had a right to order a tax of one
per cent. The exigencies of the town required a tax to be
levied, and the excess can easily be separated from the law-
ful levy.

In *Mix* v. *People*, 72 Ill. 241, the Illinois statute (similar
to this State) 8th Sec. Article 9, provided, "that the County
Authorities shall never assess taxes the aggregate of which
shall exceed 75 cents per $100 valuation, except for the pay-
ment of indebtedness existing at the adoption of this consti-
tution, unless authorized by a vote of the people of the
County." The opinion says that "This provision renders
all of this tax void which is in excess of the constitutional
limit ; but the books abound in cases which hold that, in the
exercise of a power, any excessive action beyond that power
will not vitiate acts within its power, where the acts well
performed can be separated from those that are unauthorized.
Here, there can be no question that 75 cents on the $100
valuation was fully warranted, and that sum can be readily
separated from the illegal and unauthorized sum levied in
excess of that amount. It requires but a simple calculation
to make the separation with precision." And, after citing

several Illinois cases, the court continues : " It has been so repeatedly held that an illegal levy of a tax does not vitiate or affect the portion legally levied where the two can be separated, that the question must be regarded as settled."

The same doctrine is held in *DeFremery et al.* v. *Austin*, 53 Cal. 380 ; *O'Byrne et al.* v. *Mayor & Aldermen of Savannah*, 41 Ga. 331 ; *Burlington & Missouri River R. R. Co.* v. *The Board of County Com. of York County*, 7 Neb. 487 ; *Bright* v. *Halloman*, 7 B. J. Lea, (75 Tenn.) 309 ; *Vance* v. *Little Rock*, 30 Ark. 435 ; *Frazer* v. *Siebern*, 16 O. St. 615.

Judgment should be entered for the plaintiffs for the amount of the 1893 and 1894 taxes with interest, and for one per centum on his ratable property for 1892 with interest.

*James Harris*, for plaintiffs.

*Marquis D. L. Mowry*, for defendant.