SAMUEL KETTELLE, Collector, *vs.* THE WARWICK & COVENTRY WATER CO.

PROVIDENCE—JUNE 14, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Taxes. Description of Assessment.*

An assessment-list of town taxes was made up as follows :

|  | Real. | Per. | Tax. |
|---|---|---|---|
| Warwick & Coventry Water Company, for pipe and water rights, and right of way to Carr's pond...................................................... | $30,000 | ........ | $375.00 |
| Warwick & Coventry Water Company, land and dam at Carr's pond, including right of flowage. | 10,000 | ........ | 125.00 |

*Held,* that under Gen. Laws cap. 45, § 4, providing that " taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable," the assessment was void, as, although the assessors assumed to divide the land into two parcels, neither description was definite enough to identify the land, and it did not appear how much value was attributed to the land as such, and how much to the other property rights described, some of which under some circumstances might not be real estate.

*Held,* further, that parol evidence could not be used to supplement an assessment description too indefinite for the identification of the land assessed.

(2) *Taxes. Validating Act. Constitutionality of Statute.*

*Semble,* where the General Assembly has by act validated an assessment made in violation of chapter 36, section 22, of the General Laws, in an action to recover a tax assessed thereunder, the court being constrained to rule the act constitutional cannot consider an objection as to the illegality of the original assessment.

(3) *Taxes. Notice of Assessment.*

*Semble,* the notice given by the assessors of taxes relative to the assessment of a tax is not fatally defective because it omits to use the word " require " in accordance with Gen. Laws cap. 46, § 6, that " such notices shall require every person . . . to bring in a true and exact account," where the notice states by reasonably intelligent abbreviations the time and place when the assessors are to meet, and specifies the legal consequences of neglecting to bring in the account.

PER CURIAM. We think the conclusion of Mr. Justice

Douglas was correct, and we adopt the decision rendered by him as our opinion.

New trial denied, and judgment rendered on the decision of Mr. Justice Douglas for the defendant for costs.

## DECISION.

DOUGLAS, J. This is an action by the collector of taxes of the town of West Greenwich, to recover the sum of $500 as a tax assessed upon the defendant for the year 1899, with interest from January 1, 1900.

It is admitted that the defendant is the owner of real estate in said town, and it appears that at a town-meeting held June 5, 1899, for the purpose, amongst other things, of making appropriations and levying taxes, a tax of one dollar on each hundred dollars of the ratable property in said town was voted for town expenses, including State tax, town tax, and school appropriations, and a tax of twenty-five cents on each hundred dollars was voted for repair of highways. Both these taxes were to be assessed and collected according to the provisions of a vote of the town passed June 7, 1897.

There are several objections made to the validity of the assessment:

(2) *First.* It is said that the assessment is in violation of section 22 of chapter 36 of the General Laws. This doubtless is true; but the General Assembly, January, 15, 1901, passed an act validating this particular assessment, and the court at this trial is constrained by statute to rule the act to be constitutional; hence this objection cannot be considered. See *Mowry* v. *Mowry*, 20 R. I. 74.

(3) The second objection is that the notice given by the assessors to persons liable to taxation was not sufficient to satisfy the requirements of section 6 of chapter 46, as follows: "Such notices shall require every person and body corporate liable to taxation to bring in to the assessors a true and exact account of all his ratable estate, describing and specifying the value of every parcel of his real and personal estate at such time as they may prescribe."

The assessors posted their notices in due time and at proper places, in the following form :

"Tax Assessors Notice. Whereas, the electors of the town of West Greenwich, in town meeting, legally assembled on the 5th day of June, '99, voted a tax of One Dollar and twenty-five cents on each One Hundred Dollars of the ratable estates of said town for the purpose of paying the expenses of said town, including State tax, School tax and highway tax. Now therefore, Notice is hereby given that in accordance with said vote, and in conformity with the law in relation to the assessment of taxes, The Board of Assessors will be in session at Hopkins Hall, Noose Neck, R. I. in said Town, on Mon. Sept. 11, 1899, at 10 o'clock, a. m., for the purpose of receiving from all persons and bodies corporate liable to taxation, true and exact accounts of their ratable estates, describing and specifying the value of every parcel of real and personal as the law directs, and whoever refuses or neglects to bring in such accounts, if overtaxed, shall have no legal remedy therefor.

> "OTHO TARBOX,  
> "BENJ. R. HOXSIE, } *Assessors.*  
> "THO. J. KNIGHT.

"West Greenwich, R. I. Aug. 16th, 1899."

This notice does not use the word "require," it is true, but it states by reasonably intelligible abbreviations the time and place when the assessors are to meet for the purpose of receiving the accounts, and specifies the legal consequence of neglecting to bring in the account. I think this invitation, coupled with the statement of the penalty for refusing it, may well be construed as requiring parties interested to bring in their accounts at the time prescribed. In *Wood* v. *Quimby*, 20 R. I. 482, the notice contained no reference whatever to the bringing in of accounts by persons liable to taxation.

(1) The next objection arises from the form of the description of the property of the defendant in the tax-list filed by the assessors. It is as follows :

|  | Real. | Per. | Tax. |
|---|---|---|---|
| Warwick & Coventry Water Company, for pipe and water rights, and right of way to Carr's pond................................................. | $30,000 | ........ | $375.00 |
| Warwick & Coventry Water Company, land and dam at Carr's pond, including right of flowage. | 10,000 | ........ | 125.00 |

I cannot regard this description as sufficient under Gen. Laws, cap. 45, § 4. "Taxes on real estate shall be assessed to the owners, and separate tracts or parcels shall be separately described and valued as far as practicable."

The assessors assume to divide the property into two parcels, but neither description is definite enough to identify the land. Pipe, unless attached to the land of the owner, is not real estate—water rights and rights of way are incorporeal hereditaments presumably appurtenant to some freehold.

Land and dam at Carr's pond, including right of flowage, is quite indefinite. The dam alone is defined; but the dam, land, and right of flowage are all appraised together, and it does not appear how much value is attributed to the definite, and how much to the unlimited.

Parol evidence cannot be used to supplement an assessment description too indefinite for the identification of the land assessed. *Evans* v. *Newell*, 18 R. I. 38.

In *Taylor* v. *Narragansett Pier Company*, 19 R. I. 123, several parcels of land were assessed as "beach." The court say: "The assessment must also be held to be invalid because it is so vague and uncertain that it does not identify the lands assessed."

Under the construction of the statute given in these cases, I find that the assessment is void.

Decision for the defendant for costs.

*George T. Brown*, for plaintiff.

*John J. Arnold*, for defendant.